■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH BURWELL, JAMES T. McMOORE and WILLIE WASHINGTON, Appellants.— Judgment of the Supreme Court, Kings County, rendered January 10, 1964, convicting defendant Burwell of manslaughter in the second degree, affirmed. Two judgments of the Supreme Court, Kings County, both rendered January 10, 1964, respectively convicting defendants McMoore and Washington of manslaughter in the first degree, reversed, on the law, and new trial ordered as to defendants McMoore and Washington; the findings of fact below are affirmed. This appeal has been held in abeyance by our previous decision (*People* v. *Burwell,* 25 A D 2d 663) wherein we ordered a *Huntley* hearing to determine certain issues of voluntariness. A hearing has been held pursuant to that decision and the trial Justice has found that the confessions were voluntarily made (*People* v. *Burwell,* 51 Misc 2d 269). We have now reviewed the entire appeal, including the arguments raised in the supplementary briefs of all three defendants. Defendants were jointly tried and all three argue that error was committed by the use of implicating confessions of each defendant against the other defendants. In the recent case of *Bruton* v. *United States* (391 U. S. 123), it was held to be a denial of the right of confrontation and reversible error to use such confessions where the confessing codefendant did not take the stand. *Roberts* v. *Russell* (392 U. S. 293), held *Bruton* to be retroactive. At bar the confessions of all three defendants were employed, but only McMoore and Washington testified. Therefore, since Burwell did not testify, and his statement implicated his codefendants, McMoore and Washington were denied their right of confrontation (*Bruton* v. *United States, supra*). Burwell, however, was not denied his right to confront McMoore and Washington, since they both took the stand. Beldock, P. J., Brennan and Martuscello, JJ., concur; Hopkins and Benjamin, JJ., concur in the disposition of the appeals as to defendants McMoore and Washington, but otherwise dissent and vote to also reverse the judgment as to defendant Burwell and order a new trial as to him, with the following memorandum by Hopkins, J., in which Benjamin, J., concurs: I concur in the affirmance of the ruling that the confessions were made voluntarily. I also am in accord with the applicability of the rule of *Bruton* v. *United States* (391 U. S. 123) to defendants McMoore and Washington. In my opinion, however, the effect of this ruling as applied to this case requires that a new trial be granted to the third defendant, Burwell, in the interests of justice. There can be little doubt

that the conviction of all three defendants resulted from the presence of the confession of each of the defendants before the jury. The effect of the *Bruton* decision (*supra*) is that Burwell's confession was not admissible in evidence. A literal application of the rule in *Bruton* (*supra*) requires only that the convictions of McMoore and Washington be reversed. Nevertheless, in situations where the acts of the defendants and their confessions are intertwined, the interests of justice are better served by the granting of a new trial to all the defendants (*People* v. *Gender,* 18 N Y 2d 610; *People* v. *Morgan,* 17 N Y 2d 696; *People* v. *Donovan,* 29 A D 2d 885; cf. *People* v. *Pollock,* 21 N Y 2d 206; *People* v. *Burrelle,* 21 N Y 2d 265). While there may have been legally sufficient evidence to convict defendant Burwell, it cannot be known in this case whether the jury found him guilty in part from evidence now deemed inadmissible. Burwell, who appears to be the least culpable of the three, should not be treated differently from his codefendants.